The motion of the defendants was heard upon affidavits of the defendants Brower and Nutt, one Patterson and R. L. Haymore, on the part of the plaintiff, and the affidavits of the plaintiff J. H. McAden on his own behalf. The affiant R. T. Nutt stated in his affidavit that he had delivered to the plaintiff J. H. McAden a bond given by a third party to him (Nutt), the principal and interest of which now amounted to about $1,200, the bond having been executed in 1882, and that plaintiff McAden received the same in payment and satisfaction of one-half of the note upon which judgment was rendered in this action. This allegation was positively denied by the plaintiff in his affidavits, and he further stated and averred that the said bond was delivered to him and received by him, not in payment or satisfaction of any part of the said note, but as collateral security, and that under the agreement entered into at the time of the delivery of said note between him and Nutt, he was to collect what he could on said bond, and apply the amount to the payment pro tanto of said note. He further stated that the bond for $1,200 was delivered to him prior to the term of the court at which judgment was rendered in this case. The judge before whom this motion was made, after consideration of the said affidavits and the argument of counsel, found the facts to be as stated in the affidavits of the plaintiff McAden and above set forth. The said judge thereupon refused to grant the motion of the defendants, and to this ruling they excepted. The said judge also dissolved the restraining order heretofore granted, and directed that plaintiff might proceed to collect the balance due on the said judgment. The counsel for defendant asked (441) the court if the court would not give the defendants a trial by jury of the matters raised and disputed by the affidavits by continuing the matter over to the next term. The court declined to do this, and gave judgment refusing the motion and dissolving the restraining order. At the hearing plaintiff's counsel remarked that they had an affidavit of John E. Brown, Esq., who was counsel for defendant Nutt when the judgment was taken, corroborating the affidavit of plaintiff McAden, whereupon the counsel for defendant Nutt objected to the introduction of said *Page 324 
affidavit of Brown, as it related to matters privileged between attorney and client, and the counsel for plaintiff withdrew Brown's affidavit, and it was not read to the court until after the court had given the judgment. The court then, as a matter of curiosity, asked what was in Brown's affidavit, and it was then, after the judgment, read to the court; but it was not considered by the court in giving judgment, or any of its contents known until after judgment was rendered; nor did the court pass upon its competency or incompetency.
The defendants excepted and appealed.
We are unable to discover any error in the ruling of the court. The case is too plain to admit of discussion.
Affirmed.
(442)